IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IDEAL INSTRUMENTS, INC.**
a Michigan corporation,

   Plaintiff,

v.

**RIVARD INSTRUMENTS, INC.**
a foreign corporation,

   Defendant.
_____/

Case No. 5:05 CV 0160

HON. Robert Holmes Bell
U.S. DISTRICT Chief U.S. District Judge

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Ideal Instruments, Inc., a Michigan Corporation, by and through its undersigned attorneys, Fraser Trebilcock Davis & Dunlap, P.C., for its Complaint against Defendant, Rivard Instruments, Inc., a foreign corporation, states unto this Honorable Court as follows:

### PARTIES

1. Plaintiff, Ideal Instruments, Inc. ("Ideal"), is a Michigan corporation with its principal place of business located at 620 Lesher Place, Lansing, Michigan 48912, within this federal judicial district.

2. Defendant, Rivard Instruments, Inc. ("Rivard"), f/k/a Process Detectable Needles, Inc., is a Canadian corporation with its principal place of business located at 167 St. Mary's Road, Winnipeg, Manitoba, Canada.

Fraser
Trebilcock
Davis &
Foster,
P.C.
Lawyers
Lansing,
Michigan
48933

3. Upon information and belief, Defendant Rivard is a closely held for profit Canadian corporation.

## JURISDICTION AND VENUE

4. This is an action for, *inter alia*, patent infringement arising under the United States Patent Act, 35 U.S.C. § 271 *et seq* , and this Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338(a), by virtue of the diversity of the parties herein, pursuant to 28 U.S.C. § 1332(a), and under the statutes and common law of the State of Michigan under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Defendant Rivard carries on a continuous and systematic part of its business in the State of Michigan.

6. This Court has general *in personam* jurisdiction over Defendant Rivard in this cause.

7. Defendant Rivard has committed and actively induced acts of patent infringement with resultant damages in this judicial district as alleged herein, the infringing devices are sold and/or offered for sale in this judicial district, and Defendant Rivard has purposefully availed itself of the laws of the State of Michigan.

8. This Court has limited or specific *in personam* jurisdiction over Defendant Rivard in this cause, pursuant to Michigan's long-arm statute, and such jurisdiction over Defendant Rivard comports with due process under the United States Constitution.

9. Venue is properly laid in this federal judicial district, pursuant to 28 U.S.C. §§ 1391 and 1400.

10. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest, punitive damages, costs, and attorney fees.

Fraser Trebilcock Davis & Foster, P.C.
Lawyers
Lansing, Michigan
48933

## GENERAL ALLEGATIONS

11.     Plaintiff Ideal hereby incorporates by reference paragraphs 1 through 10 above as if fully repeated.

12.     On November 1, 2005, United States Patent No. 6,960,196 ("the '196 Patent") was duly and regularly issued to Plaintiff Ideal for a detectable heavy duty needle cannula for use for use in hypodermic syringes and that like which enable needle cannula to be detectable in metal detectors that are commonly used in the meat processing industry to detect broken needle cannulas in the flesh of slaughtered animals. (Exhibit A.) This invention provides a thicker sidewall of the needle cannulas which provides greater resistance breakage during the process of injecting animal health products and greater detectability in a metal detector.

13.     Plaintiff Ideal is, by lawful assignment, the sole owner of the entire rights, title and interest in the '196 Patent and possesses all rights of recovery under this patent.

14.     Plaintiff Ideal is commercially exploiting the invention disclosed in the '196 Patent by manufacturing, selling and distributing such product under the commercial name "D3 Detectable Needles."

15.     Plaintiff Ideal has complied with the provisions of 35 U.S.C. § 287 of the United States Patent Act with regard to the '196 Patent.

16.     On December 2, 2002, United States Patent No. 6,488,668 ("the '668 Patent") was duly and regularly issued to Plaintiff Ideal for a detectable heavy duty needle cannula for use for use in hypodermic syringes and that like which enable needle cannula to be detectable in metal detectors that are commonly used in the meat processing industry to detect broken needle cannulas in the flesh of slaughtered animals. (Exhibit B.)

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

17. On November 23, 2004, the United States Patent and Trademark Office upheld the validity of Plaintiff Ideal's '668 Patent, issuing a Reexamination Certificate under 35 U.S.C. § 307. (Exhibit B, last two pages).

18. Plaintiff Ideal is, by lawful assignment, the sole owner of the entire rights, title and interest in the '668 Patent and possesses all rights of recovery under this patent.

19. Plaintiff Ideal is commercially exploiting the invention disclosed in the '668 Patent by manufacturing, selling and distributing such product under the commercial name "D3 Detectable Needles."

20. Plaintiff Ideal has invested significant sums of money developing and exploiting the technology disclosed in the '196 and '668 Patents.

21. Defendant Rivard has made, used, offered for sale, sold, and/or causing to be sold, in this federal judicial district and elsewhere in the United States, detectable, magnetic, stainless steel veterinary hypodermic needless that read upon and infringe Plaintiff Ideal's '196 Patent and the invention claimed therein.

22. Defendant Rivard, through its employees and agents, have published to third parties, including existing and prospective customers and distributors of Plaintiff Ideal accusations that Plaintiff Ideal has infringed Canadian Patent No. 2,298,277 ("the '277 Patent") owed by it.

23. Upon information and belief, these statements by Defendant Rivard, through its employees and agents, to the effect that Plaintiff Idea's D3 Detectable Needles infringe on the '277 Patent were made without Defendant Rivard having first received any opinion, analysis, evaluation, or advisory from any patent lawyer, patent agent, or other expert concerning whether Plaintiff Ideal's product infringes the '277 Patent.

Fraser
Trebilcock
Davis &
Foster,
P.C.
Lawyers
Lansing,
Michigan
48933

24. Defendant Rivard has continued to make similar statements to third parties, including customers and/or potential customers of Plaintiff Ideal to the effect that Plaintiff's D3 Detectable Needles infringe on the '277 Patent.

25. Defendant Rivard's statements of and concerning Plaintiff Ideal and its D3 Detectable Needles were made with the knowledge that such statements were false or with a reckless disregard for whether such statements were false.

26. Defendant Rivard's statements of and concerning Plaintiff Ideal and its D3 Detectable Needles were made with malice for the purpose of causing harm to Plaintiff Ideal's reputation and for purposes of causing economic harm to Plaintiff Ideal.

27. Defendant Rivard's statements of and concerning Plaintiff Ideal and its D3 Detectable Needles were made with malice for the purpose eliminating competition for the product offered and sold by Defendant Rivard, thereby creating a situation of unfair competition and unfair restraint of trade.

## COUNT I
## PATENT INFRINGEMENT

28. Plaintiff Ideal hereby incorporates by reference paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant Rivard has made, used, offered for sale, sold, and/or caused to be sold, in this federal judicial district and elsewhere in the United States, detectable, magnetic, stainless steel veterinary hypodermic needles that read upon and infringe Plaintiff Ideal's '196 Patent and the invention claimed therein.

30. As a result of the aforementioned acts, as well as others, Defendant Rivard has infringed, actively induced and/or contributed to the infringement of the '196 Patent by, among other acts, making, using, offering for sale, selling, or causing to be sold its detectable,

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

magnetic, stainless steel veterinary hypodermic needles, and will continue such acts unless enjoined by this Court.

31. Defendant Rivard for some time has engaged in offering for sale and use a detectable, magnetic, stainless steel veterinary hypodermic needle, which is not a staple article or commodity of commerce, and for which there are no substantial non-infringing uses.

32. Defendant Rivard has knowingly, willfully, and deliberately infringed the patent rights of the true owner, Plaintiff Ideal, with respect to its '196 Patent.

33. Defendant Rivard is a direct and contributory infringer of Plaintiff Ideal's '196 Patent.

34. Plaintiff Ideal has been damaged as a result of Defendant Rivard's infringement, and will continue to sustain damages, including the loss of sales, profits, and the value of its intellectual property, unless enjoined by this Court.

35. This is an exceptional case, pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiff Ideal respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Rivard in whatever amount to which it may be found entitled, plus interest, together with an award of attorney fees and costs, pursuant to 35 U.S.C. § 285 or otherwise, and for such other or further relief as may be just and equitable

### COUNT II
### DECLARATORY JUDGMENT

36. Plaintiff Ideal hereby incorporates by reference paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant Rivard, by and through its employees and agents, has publicly and directly accused Plaintiff Ideal of infringing its Canadian '277 Patent.

Fraser Trebilcock Davis & Foster, P.C. Lawyers Lansing, Michigan 48933

38. Plaintiff Ideal categorically denies that it has infringed in any manner on the Defendant Rivard's '277 Patent.

39. Defendant Rivard's accusations of patent infringement adversely and irreparably injure Plaintiff Ideal and, unless prevented by this Court, Defendant Rivard will continue to so harm Plaintiff Ideal's business, reputation, and attendant goodwill.

40. An actual and justiciable controversy has arisen and now exists by and between these parties as to whether Plaintiff Ideal infringes the '277 Patent held by Defendant Rivard., and Defendant Rivard's accusations have given rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. § 2201.

41. To resolve the legal and factual questions raised by Defendant Rivard's accusations, Plaintiff Ideal is entitled to a declaratory judgment of its rights under 28 U.S.C. § 201 and 35 U.S.C. § 281 that Plaintiff Ideal's D3 Detectable Needle does not infringe upon Defendant Rivard's '277 Patent.

WHEREFORE, Plaintiff Ideal Corporation respectfully request that this Honorable Court issue an order and judgment declaring that Plaintiff Ideal D3 Detectable Needle does not infringe upon the '277 Patent owned by Defendant Rivard, together with an award of attorney fees and costs, and for such other and further relief as may be appropriate.

## COUNT II
## CORPORATE DEFAMATION

42. Plaintiff Ideal hereby incorporates by reference paragraphs 1 through 43 above as if fully set forth herein.

43. Defendant Rivard, by and through its employees and agent, falsely and maliciously published to third parties false and defamatory statements of and concerning Plaintiff Ideal to the effect that its D3 Detectable Needle infringes the '277 Patent.

Fraser Trebilcock Davis & Foster, P.C. Lawyers Lansing, Michigan 48933

7

44. The above-referenced published statements, and other identical or similar statements, which Defendant Rivard has published to third parties are defamatory on their face and are actionable *per se* as Defendant Rivard's statements are incompatible with Plaintiff Ideal's business, trade and/or professional reputation, practice and livelihood.

45. The above-referenced statements, and other identical or similar statements, which Defendant Rivard has published to third parties are false and defamatory because Defendant Rivard falsely has accuses Plaintiff Ideal of infringing upon its '277 patent, falsely informs existing and prospective customers and distributors that if they purchase and/or use Plaintiff Ideal's D3 Detectable Needle they will infringe the '277 patent, maliciously and falsely intimate and/or warn existing and prospective customers and distributors that if they purchase and/or use Plaintiff's product they may be sued, and maliciously and groundlessly urge and/or coerce existing and prospective customers and distributors to refrain from purchasing Plaintiff's D3 Detectable Needle product.

46. As a direct and proximate result of Defendant Rivard's publication of the above-referenced false and defamatory statements, and other identical or similar statements to third parties, Plaintiff Ideal has suffered damages, including, but not limited to, damage to Plaintiff Ideal's business reputation and goodwill in the marketplace and among the public, loss of business, loss of current and/or potential customers, and loss of economic gain.

47. At the time Defendant Rivard made the false and defamatory statements of and concerning Plaintiff Ideal and its D3 Detectable Needle, Plaintiff Ideal was engaged in business and had maintained a good reputation.

48. As a result of the false and defamatory statements made by Defendant Rivard of and concerning Plaintiff Ideal and its D3 Detectable Needle, particularly to Plaintiff Ideal's

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

existing and potential customers and distributors, Plaintiff Ideal was deprived of its good reputation, trade, and resulting profits, all of which it would have enjoyed but for Defendant Rivard's malicious and unlawful statements.

49. Defendant Rivard's statements of and concerning Plaintiff Ideal and its detectable needle product were made with malice, bad faith and ill will.

50. As a result of Defendant Rivard's failure to retract its false and defamatory statements of and concerning Plaintiff Ideal and its detectable needle product, Plaintiff Ideal has incurred increased injury and damages attributable to its sense of indignation and outrage.

WHEREFORE, Plaintiff Ideal respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Rivard in whatever amount to which it may be found entitled for compensatory and special damages, plus exemplary and punitive damages, together with costs and attorney fees thereon, and for such other and further relief as may be appropriate.

## COUNT II
## PRODUCT DISPARAGEMENT/TRADE LIBEL

51. Plaintiff Ideal hereby incorporates by reference paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant Rivard, by and through its employees, published to third parties false and derogatory statements of and concerning Plaintiff Ideal's D3 Detectable Needle product.

53. Defendant Rivard published to third parties such false and derogatory statements of and concerning Plaintiff Ideal's D3 Detectable Needle product with malice, bad faith, and ill will.

54. As a direct and proximate result of Defendant Rivard's publication of the above-referenced derogatory and disparaging statements of and concerning Plaintiff Ideal's D3

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

9

Detectable Needle product, and other identical or similar statements to third parties, Plaintiff has suffered damages, including, but not limited to, damage to its business reputation, loss of business, loss of current and/or potential customers, and loss of economic gain.

55. As a result of Defendant Rivard's failure to retract its false and defamatory statements of and concerning Plaintiff Ideal's D3 Detectable Needle product, Plaintiff Ideal has incurred increased injury and damages attributable to its sense of indignation and outrage at Defendant's conduct.

WHEREFORE, Plaintiff Ideal respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Rivard in whatever amount to which its may be found entitled for compensatory and special damages, plus exemplary and punitive damages, together with costs and attorney fees thereon and such other and further relief as may be appropriate.

## COUNT III
## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS BUSINESS RELATIONSHIPS AND EXPECTANCIES

56. Plaintiff Ideal hereby incorporates by reference the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. Plaintiff Ideal had a reasonable and valid economically advantageous business expectancy relating to the marketing and sale of its D3 Detectable Needle product.

58. Defendant Rivard knew or should have known that Plaintiff Ideal's D3 Detectable Needles did not infringe the '277 Patent.

59. Defendant Rivard knew or should have known that Plaintiff Ideal had or intended to market its D3 Detectable Needle product to consumers, including in the United States, Canada, and throughout the world.

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

60. Defendant Rivard, by and through its employees and agents, has intentionally and falsely accused Plaintiff Ideal of infringing its '277 patent, falsely informed existing and prospective customers and distributors that if they purchase and/or use Plaintiff Ideal's D3 Detectable Needle product they will infringe the '277 patent, maliciously and falsely intimated and/or warned existing and prospective customers and distributors that if they purchase and/or use Plaintiff Ideal's product they may be sued, and maliciously and groundlessly urged and/or coerced existing and prospective customers and distributors to refrain from purchasing Plaintiff Ideal's D3 Detectable Needle product.

61. Defendant Rivard intentionally interfered with Plaintiff Ideal's advantageous business relationships and expectancies relating to the sale of the D3 Detectable Needle product by making false and defamatory statements to third parties including to existing and potential customers and distributors, with the express purpose of interfering with and/or preventing the formation of business relationships with Plaintiff Ideal.

62. Defendants' intentional interference with Plaintiff Ideal's business expectancy has induced or caused potential customers in the livestock industry to terminate and/or refrain from entering into business relationships with Plaintiff Ideal in connection with D3 Detectable Needle.

63. As a direct and proximate result of Defendant Rivard's intentional interference with Plaintiff's Ideal's advantageous business relationships and business expectancies, Plaintiff Ideal has suffered and will continue to suffer damages, including but not limited to, damage to its business reputation and goodwill, loss of business and reasonable and valid business expectancy, loss of customers, and loss of economic gain.

WHEREFORE, Plaintiff Ideal respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Rivard in whatever amount to which its may be

FRASER
TREBILCOCK
DAVIS &
FOSTER,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

found entitled for compensatory and special damages, plus exemplary and punitive damages, together with costs and attorney fees thereon and such other and further relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Ideal Instruments, Inc., by and through its undersigned attorneys, and, pursuant to F. R. Civ. P. 38, hereby demands a trial by jury on all claims properly triable to a jury.

*Respectfully submitted,*

FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
Attorneys for Plaintiff Ideal Instruments, Inc.

November 3, 2005          By: _____
                              Mark R. Fox
                              Toni L. Harris
                              1000 Michigan National Tower
                              124 West Allegan Street – Suite 1000
                              Lansing, Michigan 48933
                              (517) 482-5800 – Telephone
                              (517) 482-0887 – Facsimile
                              mfox@fraserlawfirm.com
                              tharris@draserlawfirm.com

Fraser Trebilcock Davis & Foster, P.C.
Lawyers
Lansing, Michigan 48933